IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

DAVID C. DAVIS, III                                             PLAINTIFF

vs.                              Civil No. 1:11-cv-01008

MICHAEL J. ASTRUE                                         DEFENDANT
Commissioner, Social Security Administration

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

David C. Davis, III ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying his application for

Supplemental Security Income ("SSI") under Title XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O.

Hickey referred this case to this Court for the purpose of making a report and recommendation.  In

accordance with that referral, and after reviewing the arguments of counsel, this Court recommends

Plaintiff's case be **AFFIRMED.**

1.     **Background:**

Plaintiff protectively filed his SSI application on August 14, 2007.  (Tr. 11, 28, 107-109).  In

his application, Plaintiff alleged he was disabled due to paranoid schizophrenia and stomach

problems.  (Tr. 117).  Plaintiff alleged an onset date of August 16, 1980.  (Tr. 11, 117).  This

application was denied initially and again on reconsideration.  (Tr. 62-63).

Thereafter, Plaintiff requested an administrative hearing on his application, and this hearing

request was granted.  (Tr. 24-61, 69).  An administrative hearing was held on December 18, 2008 in

1

El Dorado, Arkansas.  (Tr. 24-61).  At the administrative hearing, Plaintiff was present and was represented by Theodor Stricker.  *Id.*  Plaintiff, a witness for Plaintiff, and Vocational Expert ("VE") Dr. Watts testified at this hearing.  *Id.*  On the date of this hearing, Plaintiff was twenty-eight (28) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008).  (Tr. 29).

On April 23, 2009, subsequent to this hearing, the ALJ entered an unfavorable decision on Plaintiff's application.  (Tr. 11-23).  In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since August 14, 2007, his application date.  (Tr. 13, Finding 1).  The ALJ determined Plaintiff had a high school education and was able to communicate in English.  (Tr. 18, Finding 7).  The ALJ determined Plaintiff had the following severe impairments: schizophrenia, paranoid type; adult anti-social behavior; cocaine dependence; and cannabis dependence.  (Tr. 13-14, Finding 2).  The ALJ, however, also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 14, Finding 3).

In this decision, the ALJ evaluated Plaintiff's RFC both with and without his substance abuse.  First, the ALJ evaluated Plaintiff's RFC with his alleged substance abuse.  (Tr. 15-17, Finding 4).  Notably, the ALJ found if he continued his substance abuse, Plaintiff only retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that, based on all of the impairments, including the substance use disorder, the claimant has the residual functional capacity to perform a full range of work at all exertional levels.  However, due to his mental condition, he would have poor concentration and poor reliability and would not be able to complete the required tasks of a job in an 8 hour a day, 40 hours a week job.

*Id.*  Next, the ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff had no PRW.  (Tr. 18, Finding 5).  The ALJ also evaluated whether Plaintiff could perform other work

existing in significant numbers in the national economy.  (Tr. 18, Finding 9).  With his substance abuse, the ALJ found Plaintiff could not perform any other work.  *Id.*

Second, the ALJ evaluated Plaintiff's RFC without his alleged substance abuse.  (Tr. 20-22, Finding 12).  The ALJ found Plaintiff retained the following RFC if he stopped his substance abuse:

> If the claimant stopped the substance abuse, the claimant would have the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: the claimant would be limited to simple unskilled or semi-skilled activities; he could only understand, follow, and remember concrete instructions; and he would have little or limited contact with the general public, superficial contact with co-workers and instructions from supervisors would need to be concrete and basic.

*Id.*

The ALJ then evaluated whether Plaintiff could perform other work existing in significant numbers in the national economy if he discontinued his substance abuse.  (Tr. 22-23, Finding 15). The ALJ found Plaintiff could perform such unskilled work as a bag loader (1,850 such jobs in the Arkansas economy and 247,000 in the national economy) or as a machine packager (9,800 such jobs in the Arkansas economy and 479,000 such jobs in the national economy).  (Tr. 22).  Because the claimant could perform other work if he stopped the substance use, the ALJ found his substance use disorder was a contributing factor material to the determination of disability.  (Tr. 23, Finding 16). Because his substance use disorder was a contributing factor material to the determination of disability, the ALJ found Plaintiff had not been disabled within the meaning of the Act at any time from the date the application was filed through the date of his decision or through April 23, 2009. *Id.*

On April 29, 2009, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision.  *See* 20 C.F.R. § 404.968.  On November 5, 2010, the Appeals Council declined to review

this disability determination. (Tr. 1-3). On January 25, 2011, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 15-16. This case is now ready for decision.

**2.** **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her

4

disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See*
42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the
familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged
in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly
limits the claimant's physical or mental ability to perform basic work activities; (3) whether the
claimant has an impairment that meets or equals a presumptively disabling impairment listed in the
regulations (if so, the claimant is disabled without regard to age, education, and work experience);
(4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past
relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the
Commissioner to prove that there are other jobs in the national economy that the claimant can
perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers
the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this
analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.      Discussion:**

In his appeal brief, Plaintiff raises one claim.  ECF No. 15.  Specifically, Plaintiff claims the
ALJ erred in his 2009 decision by failing to discuss the 2001 decision from another ALJ regarding
Plaintiff's disability.  *Id.*  Plaintiff claims this failure was in error because the ALJ from 2001 entered
a fully-favorable decision on Plaintiff's behalf.  *Id.*  Based upon the transcript, it does appears another
ALJ awarded benefits to Plaintiff.  The previous decision is not included in the record, but the current
ALJ does reference the previous approval in his decision.  (Tr. 57).

Based upon Plaintiff's briefing, Plaintiff's previous award was entered on October 25, 2001.

5

ECF No. 15 at 4. After that time, in 2004, Plaintiff was incarcerated, and his benefits were terminated. *Id.* at 5. Upon being released, Plaintiff filed a new application for benefits on August 14, 2007. *Id.* As outlined above, this application was denied and is currently before this Court. The issue with this appeal is whether the current ALJ was bound to discuss, consider, evaluate, or follow the prior ALJ's fully-favorable finding from 2001. Upon review, this Court finds the current ALJ was not so bound.

Plaintiff protectively filed the current SSI application on August 14, 2007. (Tr. 11, 28, 107-109). Even though he alleged an onset date of August 16, 1980 with this application, the relevant time-period for purposes of this SSI application did not begin until August 14, 2007. *See Cruse v. Bowen,* 867 F.2d 1183, 1185 (8th Cir. 1989) (holding SSI benefits were not payable for a period prior to the application). During the relevant time-period for purposes of the current application (after August 14, 2007), Plaintiff was examined by Dr. David Derr, Ph.D. (Tr. 159-164). As a part of that examination, Plaintiff reported to Dr. Derr that he had a history of cocaine and marijuana abuse and indicated he had used drugs within the last year.[1] (Tr. 161). Based upon this information and the remainder of the record, the ALJ determined Plaintiff's substance abuse was a contributing factor material to the determination of disability.

In contrast, in 2001, drug abuse was not a contributing factor material to the determination of disability. Because drug abuse was not such a factor, Plaintiff was awarded benefits.[2] However, in this case, the facts and circumstances are different and because these facts and circumstances are different and relate to different time-periods (2001 versus 2007), the current ALJ is not bound to the

---

[1] Plaintiff reported he had not done either of these drugs within the last six months. (Tr. 161).

[2] This Court does not have a copy of the opinion from 2001. Plaintiff has, however, represented that substance abuse was not a factor in that decision. ECF No. 15 at 4-5.

decision from 2001.  *See Ply v. Massanari,* 251 F.3d 777, 779 (8th Cir. 2001) (finding the ALJ was not bound under administrative *res judicata* by a previous ALJ's findings because they were related to his disability status "at that time").  Thus, this Court finds the ALJ's did not err by failing to consider or adopt the previous ruling from 2001.

4.      <u>**Conclusion:**</u>

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and recommends that it be **AFFIRMED**.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 8th  day of March, 2012.**

/s/   Barry A. Bryant_____
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE